Dear Honorable Crow,
The Attorney General is in receipt of your request for an opinion wherein you state the following question:
"If a teacher taught and participated in Teachers Retirement until age65 and continued to teach until age 70, does Oklahoma law allow thatperson in light of Enrolled HB 1384 to participate in Teachers Retirementfor their teaching years between ages 65 and 70?"
Prior to the passage of HB 1384 by the First Regular Session of the 37th Legislature, the controlling provisions of the law with respect to the Teachers Retirement System provided that a member of the system upon attaining the age of 65 would no longer be required to make contributions to the Teacher Retirement System, but would be given an indefinite extension of membership and be eligible for retirement at any time thereafter upon filing of a proper application for retirement as otherwise provided by law. 70 O.S. 17-105(1)(d) (1978). The provisions of 70 O.S. 17-105(1)(d) were amended by 2 of HB 1384 to extend the period of time upon which contributions were to be made on the salary of active school teachers to the age of 70.
We assume there are individuals who have been continuously employed as teachers from ages 65 to 70 and who were not, during that five year period of time, contributing to the Teacher Retirement System. This does not mean, that these individuals were not participating in the Teacher Retirement System. Their rights, with respect to retirement benefits, fully vested under the law prior to passage of HB 1384 upon attaining the age of 65. After the fiscal year in which they reach the age 65, they were not required to make any further contributions to the Teacher Retirement System as a prerequisite to receiving a full retirement annuity based upon the average of their highest five years of salary prior to attaining the age of 65.
The circumstances which motivate your question are related to the fact that the ceiling on salary maximums which are used to compute the contribution and retirement benefits have been increased so that if an employee were able to pick up, by paying back contributions, five years in between ages 65 and 70, their retirement annuity would be substantially increased.
Under the law prior to the passage of HB 1384, upon attaining the age of 65 the member no longer contributed to the system and the member's rights, with respect to benefits from the system, became fixed as of that time, without further contribution on the member's part. HB 1384 extended to age 70 the point in time at which the termination of the necessity of contribution would occur. For those members of the system who chose to continue in full time employment after age 65, there has been created a five year period of time during which they could not lawfully contribute to the fund and for which the Teachers Retirement System may not lawfully consider their higher salaries in computing the retirement benefits to which the member is entitled. This conclusion is premised upon the language of HB 1384, 5, which amended 70 O.S. 17-116.2A (1978), which states:
 "Beginning July 1, 1979, a member who retires on or after the member's normal retirement age or whose retirement is because of disability shall receive an annual allowance for life, payable monthly, in an amount equal to one and 9/10ths percent (1.9%) of the member's highest five (5) year average salary upon which member contributions were made prior to July 1, 1979, multiplied by the number of the member's years of creditable service accrued prior to July 1, 1979, plus one and 9/10ths percent (1.9%) of the highest five (5) year average salary upon which member contributions were made multiplied by the number of years of creditable service accrued after July 1, 1979." Emphasis added
A member may only use as the member's average salary for the "highest five (5) year" period of time those years during which the member made contributions to the system. Since no member of the system, prior to the passage of House Bill 1384, made contributions to the system after attaining the age of 65 years, none of those years may be considered for the purpose of computing the "highest five year average salary" of the member.
The foregoing does not address the authority of the Board of Trustees to permit a member of the system to make up the contributions missed between that member's 65th and 70th birthday years. The Board of Trustees of the Teacher Retirement System is a public body with fixed and limited authority. As stated in 70 O.S. 17-106 (1971) as amended, and as restated in the most recent amendment to 70 O.S. 17-106(1) in HB 1384:
 "(1) The general administration and responsibility for the proper operation of the retirement system and for making effective the provisions of the Act are hereby vested in a Board of Trustees . . ."
One does not find in the foregoing language the broad general grant of authority usually to be found in the enabling legislation of other administrative agencies. Rather, the language is restrictive permitting the Board of Trustees to generally administer and assume responsibility for the operation of the system and "for making effective the provisions of the act". Additionally, 70 O.S. 17-106(7) both as it existed prior to the passage of HB 1384 and as it is presently enacted, specifically states:
 "Subject to the limitations of this act the Board of Trustees shall, from time to time, establish rules and regulations for the administration of the funds created by this act and for the transaction of its business."
The Board of Trustees is not endowed with the discretion to permit members the option of contributing for years of service which they are not expressly authorized to receive credit for. These limitations on the authority of the Board to act with generally broad discretion are imposed upon the Teacher Retirement System for good reason. The actuarial soundness of the Teacher Retirement System depends upon readily identifiable and ascertainable resources of revenue and, correspondingly, on readily identifiable and quantifiable demands to be made upon the system in the future. Therefore, unless a member is expressly entitled to receive credit for years of service for which no contribution was made by making up the contribution or by paying into the System the actuarial equivalent of the benefits accruing by reason of credit for service in those years not previously credited, the Board of Trustees is without lawful authority to permit such additional credit to the member.
The Teacher Retirement Law specifies certain limited areas of creditable service which a member may recapture. The law permits credit for years of teaching service in Oklahoma earned after creation of the Teacher Retirement System but before the member entered the system. 70 O.S. 17-116.2(C)(1) (1978), as amended by HB 1384. Additionally, the same provision permits an individual to receive credit for not more than five years of teaching service rendered in public schools, military schools, state colleges or state universities outside the State of Oklahoma. Also, a member may receive credit for up to five years of service in the armed forces, under specifically delineated circumstances. 70 O.S. 17-116.2(C)(2) (1978), as amended by House Bill 1384. The Teacher Retirement law has in the past, and continues under HB 1384, to permit certain classes of persons to continue to pay contributions to the Teacher Retirement System even though they are not actively engaged in the teaching profession. 70 O.S. 17-116.2(D) and 70 O.S. 17-116.2(E) (1978), as amended by HB 1384. Nowhere in either the law as it was constituted prior to the passage of HB 1384, or in HB 1384 itself, is there any authority for permitting a member of the system to make contributions for years of service not contributable under prior law between the ages of 65 and 70.
It is, therefore, the opinion of the Attorney General, that the TeacherRetirement System is without legal authority under 70 O.S. 17-101, etseq. (1971), as amended and as further amended by HB 1384 of the FirstRegular Session of the Thirty-seventh Legislature to permit a member ofthe System who has continued in active teaching service to contribute forthose years upon which no contributions have been made between thatmember's service year in which their 65th birthday fell and the serviceyear in which their 70th birthday fell.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL